IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD SATISH EMRIT,<br>*Presidential Candidate Number P60005535 & Committee/Segregated Fund (SSF) Number C00569897,*<br>*doing business as UNITED EMRITS OF AMERICA*,<br><br>           Plaintiff,<br><br>      v.<br><br>UNITED STATES PATENT AND<br>TRADEMARK OFFICE (USPTO),<br>*et al.*,<br><br>           Defendants. | Case No. 1:25-cv-278-SPB |

## MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

### I.      Introduction

Plaintiff Ronald Satish Emrit ("Emrit") commenced this civil action on September 5, 2025, by filing a motion to proceed *in forma pauperis* and lodging a *pro se* complaint against the United States Patent and Trademark Office ("USPTO"), the United States Department of Commerce, NASA Goddard Space Flight Center ("GSFC"), the American Institute of Physics ("AIP"), the Kennedy Space Center, and the National Science Foundation ("NSF"). ECF No. 1 and 1-1. Emrit claims that the Defendants engaged in tortious interference with his business relations and/or contracts, for which he seeks damages in the amount of $500 billion. ECF No. 1-1.

In his complaint, Emrit describes himself as an "indigent, disabled, and unemployed resident" of the states of Florida and Maryland. ECF No. 1-1 at 9, ¶1. He states that he is trying

1

to obtain a design patent or utility patent for three ideas related to quantum mechanics, astrophysics, general relativity, and special relativity. *Id.* at 19, ¶18. He further states that he does not know how to fill out the forms required to obtain a patent on his ideas, and he requests as part of his prayer for relief that the USPTO and Department Commerce award him a design patent and utility patent for his ideas without him having to go through the "red tape" of obtaining a patent or intellectual property law attorney to fill out certain forms. *Id.* at 19-20, ¶24; *see also id.* at 21. Plaintiff also seeks an injunction "requiring and/or mandating" that the GSFC, SIP, Kennedy Space Center, and NSF "recognize the plaintiff's three ideas related to quantum mechanics and astrophysics even though there is no mathematical proof for these ideas according to the laws of calculus, geometry, trigonometry, algebra, arithmetic, statistics, Number Theory, topology, and/or Applied Mathematics." *Id.* at 22, ¶(C).

## II. Review of Plaintiff's Application for Leave to Proceed in Forma Pauperis

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis when determining whether to direct service of a complaint in cases where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the district court evaluates a litigant's financial status and determines whether he or she is eligible to proceed *in forma pauperis* under § 1915(a); second, the court assesses the complaint under § 1915(e)(2) to determine whether it is frivolous or otherwise subject to *sua sponte* dismissal. *Id.* (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *see Brown v. Sage*, 903 F.3d 300, 304 (3d Cir. 2018) (describing two-step process for evaluating a petitioner's motion to proceed in forma pauperis on appeal); *Schneller v. Abel Home Care, Inc.*, 389 F. App'x 90, 92 (3d Cir. 2010); *Rogers v. United States*, 248 F. App'x 402, 402-03 (3d Cir. Sept. 21, 2007).

Here, Emrit's motion for leave to proceed *in forma pauperis* will be granted, as it appears that he lacks sufficient funds to pay the required filing and administrative fees in this action. Accordingly, the Clerk will be directed to file his complaint as a separate docket entry.

### III. Review of Plaintiff's Complaint Under 28 U.S.C. §1915(e)

A. <u>Governing Legal Standards</u>

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Whether a complaint fails to state a viable claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant. *See Taksir v. Vanguard Grp.*, 903 F.3d 95, 96-97 (3d Cir. 2018). However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted). Although a complaint does not need detailed factual allegations to survive a Rule

3

12(b)(6) review, it must contain more than just labels and conclusions or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Here, Plaintiff is proceeding *pro se.* Therefore, his complaint must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini,* 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007). But while courts construe *pro se* pleadings liberally, "there are limits to [this] procedural flexibility," and the litigant must still allege sufficient facts to support a valid claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to §1915, a court must grant the plaintiff leave to amend the complaint, unless further amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

B. <u>Analysis</u>

At the outset, the Court takes judicial notice of the fact that Emrit is a serial filer of *pro se* lawsuits which have routinely been dismissed as frivolous or vexatious. *See, e.g., Emrit v. Prince George's Cnty. Police Dep't,* No. CV 25-249, 2025 WL 2345179, at *2 (W.D. Pa. Aug. 13, 2025) (recounting "Plaintiff's proclivity for initiating frivolous and vexations litigations on various topics in multiple U.S. District Courts throughout the country"); *Emrit v. Progressive Ins. Co.*, Case No. 3:24-cv-13, 2024 WL 436385, at *2 (N.D. Fla. Jan. 11, 2024) (identifying Plaintiff as a "'serial pro se filer' who has been a party in more than 700 federal cases and the plaintiff in more than 400 federal cases"), *Report and Recommendation adopted*, 2024 WL 420143 (N.D. Fla. Feb. 5, 2024), *appeal dismissed*, No. 24-10413-G, 2024 WL 3664060 (11th

4

Cir. Mar. 4, 2024); *Emrit v. Bd. of Immigr. Appeals*, Case No. 2:22-CV-00110, 2022 WL 4287659, at *1 & n.1 (S.D. W. Va. Mar. 31, 2022) (court noting that Emrit had filed cases "nationwide, from Maine to Hawaii" and cataloguing all the various cases that were dismissed as meritless and frivolous), *Report and Recommendation adopted*, 2022 WL 3594518 (S.D. W. Va. Aug. 23, 2022).

The allegations in this case likewise lack any arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325, 327. In fact, it appears that Emrit has filed complaints that were either identical or substantially similar to this one in numerous jurisdictions throughout the country, only to have his claims consistently dismissed for lack of proper venue and/or failure to state a cognizable claim. *See, e.g., Emrit v. United States Pat. & Trademark Off.*, No. 1:25-CV-01499-CL, 2025 WL 2803049, at *2 (D. Or. Oct. 1, 2025) (complaint dismissed for failure to state a cognizable claim for relief); *Emrit v. United States Pat. & Trademark Off.*, Civil Action No. 25-15364, 2025 WL 2783752 (E.D. Pa. Sept. 30, 2025) (adopting the reasoning of the U.S. District Court for the Eastern District of Louisiana and dismissing the complaint as frivolous); *Emrit v. United States Pat. & Trademark Off.*, Civ. No. 25-1847, 2025 WL 2674760, at *2 (E.D. La. Sept. 18, 2025) (dismissing complaint as frivolous); *Emrit v. United States Pat. & Trademark Off.*, No. 3:25-CV-00187-SLG, 2025 WL 2644697, at *1 (D. Alaska Sept. 15, 2025) (dismissing complaint because it failed to state a cognizable claim, lacked of any arguable basis in law and fact, failed to establish personal jurisdiction over the defendants, and failed to establish proper venue); *Emrit v. United States Pat. & Trademark Off.*, No. 25-CV-00356-DKW-RT, 2025 WL 2495035, at *1 (D. Haw. Aug. 29, 2025) (dismissing complaint because the court lacked authority and/or jurisdiction to issue the requested relief); *Presidential Candidate No. P0005535 v. United States Pat. & Trademark Off.*, No. 1:25-CV-163, 2025 WL 2781751, at *3 (D.N.D.

July 24, 2025) (court dismissing the complaint as frivolous and further finding a lack of venue); *Emrit v. United States Pat. & Trademark Off.*, No. 2:25-CV-00141-LEW, 2025 WL 1808956, at *1 (D. Me. July 1, 2025) (adopting Magistrate Judge's recommendation to dismiss the case and imposing restrictions on plaintiff's future filings), *appeal filed on Aug 12, 2025* (No. 25-1747); *Presidential Candidate Number P60005535 v. USPTO*, No. 1:25-cv-00102-MOW-WCM (W.D.N.C. Apr. 30, 2025) (finding that complaint failed to present a coherent claim), *aff'd*, No. 25-1524, 2025 WL 2141308 (4th Cir. July 29, 2025); *Presidential Candidate No. P60005535 v. United States Pat. & Trademark Off.*, No. 1:25-CV-170-HAB, 2025 WL 1255799, at *1 (N.D. Ind. Apr. 29, 2025) (dismissing plaintiff's claims as frivolous); *Emrit v. United States Pat. & Trademark Off.*, No. 25-CV-11088, 2025 WL 1184239, at *1 (E.D. Mich. Apr. 23, 2025) (dismissing complaint for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted); *Presidential Candidate No. P60005535 v. United States Pat. & Trademark Off.*, No. 25-CV-140-LM-TSM, 2025 WL 1436049, at *1 (D.N.H. Apr. 16, 2025) (recommending dismissal based on lack of venue), *report and recommendation approved sub nom. Presidential Candidate No. P60005535 v. United State Pat. & Trademark Off.*, No. 25-CV-140-LM-TSM, 2025 WL 1435788 (D.N.H. May 19, 2025); *Presidential Candidate No. P60005535 v. United States Pat. & Trademark Off.*, No. CV 125-082, 2025 WL 1338076, at *1 (S.D. Ga. Apr. 16, 2025) (recommending dismissal on the grounds of frivolous allegations and improper venue), *report and recommendation adopted*, No. CV 125-082, 2025 WL 1334066 (S.D. Ga. May 7, 2025), and *appeal dismissed sub nom. Emrit v. United States Patent & Trademark Off.*, No. 25-11546, 2025 WL 1751930 (11th Cir. June 25, 2025).

To the extent that Emrit's claims are even discernable, the Court finds that they are based upon an indisputably meritless legal theory and/or factual allegations that are clearly baseless. As such, Plaintiff's claims are frivolous. *Neitzke,* 490 U.S. at 327.

Moreover, it is clear from a review of the complaint that venue does not lie in this judicial district. *See* 28 U.S.C. §1391(b). None of the Defendants identified in the complaint are residents of this Commonwealth, nor do Emrit's allegations suggest that any part of the events or omissions giving rise to his putative claims occurred here. Notably, Emrit identifies himself as a resident of both Florida and Maryland, but not Pennsylvania. He further suggests that the U.S. District Court for the District of Eastern Louisiana is the proper forum for his claims. See ECF No. 1-1 at 10, ¶¶10, 11. Thus, it appears that Emrit may have initiated this lawsuit merely as an attempt to have the case transferred to the Eastern District of Louisiana, thereby circumventing the filing injunction that was previously entered against him in that court. *See Emrit v. United States Pat. & Trademark Off.,* 2025 WL 2783752 at *2 (district court in New Jersey finding that "Plaintiff's intention to have this case heard in Louisiana is plain," and taking notice of "at least one prior attempt by Plaintiff to circumvent a filing injunction issued against him by filing a complaint in the District of New Jersey 'with the expectation that it would be transferred to the Southern District of New York'") (citing *Emrit v. Special Agent in Charge of FBI*, Civ. No. 22-6713, 2025 WL 758779, at *3 (D.N.J. Mar. 10, 2025)).

### IV.     Conclusion

Based upon the foregoing reasons, Emrit's motion for leave to proceed *in forma pauperis* will be granted. However, the complaint will be dismissed without leave to amend, as further amendment would be both inequitable and futile. *Grayson,* 293 F.3d at 114.

_Susan Paradise Baxter_
SUSAN PARADISE BAXTER
United States District Judge